LAW OFFICES OF RACHEL S. BLUMENFELD PLLC
*Proposed Attorney for the Debtor and Debtor in Possession*
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

| | |
|---|---|
| In re: | Chapter 11 |
| Little Hearts Daycare Center Inc., | Case No: 1-18-46716-ess |
| Debtor | |

--------------------------------------------------------X

**DEBTOR'S OPPOSITION TO MOTION OF 234-08 MERRICK CORP., FOR DISMISSAL OF CASE; RELIEF FROM THE AUTOMATIC STAY; DECLARING THE LEASE REJECTED et al.**

TO THE HONORABLE ELIZABETH S. STONG;
UNITED STATES BANKRUPTCY JUDGE:

Little Hearts Daycare Center Inc., the Debtor and debtor-in-possession herein ("Little Hearts" or the "Debtor"), by and through its undersigned counsel, files this objection (the "Objection") to the Motion of 234-08 Merrick Corp (the "Merrick" or "Landlord") seeking dismissal of the case; or relief from the automatic stay with regard to non-residential real property leased by the Debtor from the Landlord; and declaring the lease rejected and terminated (the "Motion"), the Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Respectfully, and as more fully discussed herein, the Landlord has failed to meet its burden to demonstrate the existence of "cause", or any other meritorious factual or legal basis,

such as to warrant any modification of the automatic stay at this early stage in this bankruptcy case.

2. Specifically, the primary basis asserted by the Landlord in support of its request for relief from the automatic stay is the fact that prior to the filing of the Bankruptcy Petition on November 25, 2018 (the "Petition Date"), a warrant of eviction (the "Warrant") was *issued* with regard to the premises leased by the Debtor from the Landlord. However, the warrant was not *executed* prior to the Petition Date. As a result, and although the underlying lease may have terminated, the Debtor's possessory interest in the leased premises are protected by the automatic stay and the Debtor has the right to seek to vacate the Judgment of Possession for "good cause".

3. Accordingly, under the facts and circumstances presented and consistent with prior holdings of this Court, Merrick's Motion should be denied and the automatic stay with regard to the Debtor's possession of the leased premises should remain intact pending the outcome of the Debtor's efforts to reinstate the lease in Landlord-Tenant Court.

4. As more fully discussed herein, the Debtor filed its chapter 11 petition for the legitimate purpose of staying its eviction from its leased business premises while pursuing its efforts to revive its lease. The Debtor's case is not unlike many cases commenced in this Court involving efforts by debtors to remain in their premises and preserve their businesses while pursuing their legitimate rights and options while under the protections of the Bankruptcy Code. The Debtor's chapter 11 case was only recently commenced (two weeks prior to Merrick filing their Motion), and the Debtor should be afforded a reasonable opportunity to pursue its rights and address its affairs in this Court.

## BACKGROUND

5. The Debtor, as tenant, and the Landlord, as landlord, are parties to a certain written lease agreement dated as of October 31, 2016 (the "Lease") located at 234-10-12-14 Merrick Blvd., Queens, New York 11422 (the "Premises").

6. The State Court eviction action commenced by Merrick on August 29, 2018 was settled by stipulation on October 11, 2018. As the Debtor failed to make a few payments timely, a judgment of possession was entered on October 18, 2018. A warrant of eviction was issued by the New York City Marshal on November 9, 2018.

7. The Debtor believes the leased premises are a valuable commercial space from which she can run her daycare center.

8. On November 25, 2018 (the "Petition Date"), the Debtor filed a bankruptcy petition prior to the execution of any Warrant of Eviction. The Debtor sought protection under chapter 11 of the Bankruptcy Code so as to provide time for the Debtor in the hopes of amicably resolving its issues with the Landlord so that it could conduct business.

9. On December 11, 2018, the Landlord filed its Motion, about two weeks after the Debtor filed its petition. so as to obtain possession of the Premises and not allowing the Debtor a chance to reorganize.

10. In support of its Motion, the Landlord asserts, among other things, that the Debtor has not equity in the Premises, the Premises cannot be a part of any effective reorganization since the Landlord/Tenant relationship was terminated. (*See* Motion at p. 7 para. 31; 33, 34).

11. Since the Debtor filed for Chapter 11, it has continued with its efforts to operate its daycare center.

12. The Debtor will pay the Landlord for use and occupancy of the Premises.

## ARGUMENT

### I.   The Landlord Has Failed to Meet its Burden to Establish "Cause" for Relief from the Automatic Stay

13. Pursuant to § 362(d)(1) of the Bankruptcy Code, a party is entitled to relief from the automatic stay for "cause, including the lack of adequate protection of an interest in property of such party in interest…"  The Bankruptcy Code does not define the term "cause", however the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances."  In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)(*quoting* H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44 *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300).  The burden of proof under §362(d)(1) is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence.  In re Mazzeo, 167 F. 3d 139, 142 (2d Cir. 1999).

14. It is respectfully submitted that the Landlord has not demonstrated that "cause" exists for relief from the automatic stay with regard to the Premises.  The primary basis for the alleged existence of "cause" asserted by the Landlord is the termination of the landlord-tenant relationship between the Debtor and the Landlord as a result of the a final Judgment of Possession and issuance of a Warrant.  In this regard, the Debtor does not dispute that pursuant to §749(3) of the New York Real Property Actions and Proceedings Law (the "RPAPL"), the issuance of a warrant of eviction terminates the underlying lease and ends the landlord-tenant relationship.  The Landlord attempts to gloss over the well-settled fact that RPAPL §749(3) provides that the issuance of

a warrant of eviction an the resulting termination of the underlying lease "shall not deprive the Court of the power to vacate such warrant for good cause shown prior to the execution thereof." The Warrant at issue here was not executed prior to the Petition Date. In light of this statutory "escape valve" (as Judge Gerber characterized the above-referenced provision of RPAPL §749(3) in In re Eclair Bakery Ltd., 255 B.R. 121 (Bankr. S.D.N.Y. 2000)), and based upon facts and circumstances substantially analogous to those presented herein, this Court has consistently permitted chapter 11 debtors to remain in possession of leased premises while seeking to revive a terminated leasehold interest in non-bankruptcy court under conditions established by this Court to provide adequate protection to the debtor's landlords. See, e.g., In re Sweet N Sour 7th Ave Corp., 431 B.R. 63 (Bankr. S.D.N.Y. 2010); In re Mad Lo Lo LLC, 2009 Bankr. LEXIS 1333, 2009 WL 2902567 (Bankr. S.D.N.Y. May 28, 2009; Case No. 09-11911 (MG); In re W.A.S. Food Service Corp., 49 B.R. 969 (Bankr. S.D.N.Y. 1985).

15. By way of example only, in Sweet N Sour 7th Ave, Judge Martin Glenn considered a landlord's motion for relief from the automatic stay so as to evict a debtor from its leased restaurant premises pursuant to a warrant of eviction issued prior to the bankruptcy filing. 431 B.R. 63, 65-66 (Bankr. S.D.N.Y. 2010). At the outset, Judge Glenn observed the well-settled principal that, although the issuance of a warrant of eviction terminates the underlying lease and landlord-tenant relationship, the debtor's possessory interest in the premises is subject to the automatic stay. Id. at 67. Judge Glenn further observed (citing his own previous holding in Mad Lo Lo, *supra*) that the non-bankruptcy court had the ability to resurrect the debtor's leasehold interest

upon a showing of good cause by the debtor. Id. at 67-68.[1]  Ultimately, Judge Glenn modified the automatic stay so as to permit *the debtor* to pursue a vacatur of the warrant of eviction in non-bankruptcy court upon the conditions that: (a) the debtor become and remain current on its post-petition date use and occupancy obligations to the landlord (without prejudice to or waiver of the landlord's rights); and (b) that the debtor commence proceedings in non-bankruptcy court to resurrect the lease. Id. at 66, 69.[2]

16. Turning to the instant case, it is respectfully submitted that this Court should deny the relief requested by the Landlord and, instead, permit the Debtor to pursue its efforts to vacate the Judgment of Possession in the Landlord-Tenant Court. At the outset, it is clear that the Debtor has a legal, equitable and/or possessory interest in the Premises and/or the Lease which constitute property of the estate and triggers the protection of the automatic stay.[3]  Additionally, entirely omitted from the Motion is any reference whatsoever is if the Debtor is successful in vacating the Warrant, will result in the reinstatement of the Lease.

17. Respectfully, the continuous and uninterrupted use and occupancy of the Premises is essential of the Debtor's ability to reorganize under chapter 11. The Debtor has a substantial in-

---

[1] *See also,* Eclair, 255 B.R. at 133 "[I]t is not uncommon for the debtor still to be in possession in its leasehold at the time of the filing, notwithstanding the earlier issuance of the warrant of eviction and consequent termination of the lease.  What then remains are (1) an equitable interest in the property and the potential to reinstate the landlord-tenant relationship as RPAPL §749(3) provides, and (2) a possessory interest in the property. As the Debtor points out, each of these two interests triggers the protection of the automatic stay."

[2] In Mad Lo Lo, Judge Glenn granted identical relief on similar conditions, *i.e.,* that the Debtor become and remain current on its post petition obligations while the debtor was proceeding before the non-bankruptcy court.

[3] It should not be disputed that the question of what constitutes property of the estate for purposes of §541 of the Bankruptcy Code is to construed broadly.  *See, e.g.,* Musso v. Ostashko, 468 F.3d 99, 104 (2d Cir. 2006)("The scope of [§541(a)] is broad and is intended to maximize the amount of property available for distribution to creditors according to priorities established by the Code.")

vestment in the Premises, and should be permitted to pursue its rights and remedies concerning same while providing adequate protection to the Landlord in the form of ongoing post-petition rent payments. As of the date hereof, the Debtor's case is only approximately one month old and the Debtor should be permitted a reasonable opportunity to pursue its rights in Landlord-Tenant Court, and to pursue confirmation of a chapter 11 plan.

**I. Section 362(d)(1) and (2)**

    **A.    Relief from The Automatic Stay will Have an Immediate Adverse Economic Impact on the Debtor's Estate**

18. All of the relief requested in the Motion will have an immediate and adverse economic effect on the Debtor's estate and thus must be stayed.

19. The MTA bases its motion on two arguments: (1) the Judgment of Possession and issuance of the warrant of eviction severed the landlord-tenant relationship, so the automatic does not apply; and (2) even if the Debtor has an equitable interest in the property such that the automatic stay applies, the lease is not necessary to an effective reorganization for the Debtor cause exists to lift the automatic stay under § 362(d)(1) and (2).

20. Even if a warrant of eviction has issued here, the debtor's possessory interest in the property can support sustaining the automatic stay. *See* In re Griggsby, 404 B.R. 83 (Bankr. S.D.N.Y. 2009) 404 B.R. at 92 (citing 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse), 835 F.2d 427, 430 (2d Cir. 1987) ("Indeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay.")).

**B. Additional Cause Does Not Exist to Lift the Automatic Stay**

21. In determining whether causes exists to lift the automatic stay pursuant to §362(d)(1) of the Bankruptcy Code a court may consider factors set out in <u>In re Sonnax Industries</u>, 907 F.2d 1280 (2d Cir. 1990). The Sonnax factors are:

> (1) whether relief would result in a partial or complete resolution of the issues;
>
> (2) lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the other proceeding involves the debtor as a fiduciary;
>
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
>
> (6) whether the action primarily involves third parties;
>
> (7) whether litigation in another forum would prejudice the interests of other creditors;
>
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
>
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
>
> (11) whether the parties are ready for trial in the other proceeding; and
>
> (12) the impact of the stay on the parties and the balance of harms.
>
> 907 F.2d at 1286.

22. Though not all of the Sonnax factors "will be relevant in every case." <u>In re Mazzeo</u>, 167 F.3d 139, 143 (2d Cir. 1999), over half of the factors weigh against granting Movant relief from the automatic stay to continue the foreclosure process.

23. With regard to factor (2), it is undeniable that the landlord/tenant proceeding is connected to, and would interfere with, the bankruptcy case.

24. With regard to factor (3), the landlord/tenant proceeding does not involve the Debtor as a fiduciary.

25. With regard to factor (4), a specialized tribunal has not been established specifically to hear the landlord/tenant proceeding.

26. With regard to factor (5), the Debtor's insurer has not assumed full responsibility for defending it in the landlord/tenant proceeding.

27. With regard to factor (6) the landlord/tenant proceeding primarily involves the Debtor and Movant.

28. With regard to factor (7), litigation in the landlord/tenant proceeding would severely prejudice the interests of the Debtor's unsecured creditors, if any.

29. Accordingly, the relevant Sonnax factors strongly weigh in the Debtor's favor. Thus, the automatic stay should not be modified pursuant to §362(d)(1) of the Bankruptcy Code.

30. Movant should not be entitled to relief from the automatic stay at this nascent stage of the Chapter 11 case.  The Motion is Premature and the Court Should Exercise its Discretion to Continue the Stay

31. The Court has the discretion to maintain the stay in order to facilitate the fundamental goals of bankruptcy proceedings. The Supreme Court has observed that chapter 11 embraces the

"two recognized policies [of] preserving going concerns and maximizing property available to satisfy creditors." Bank of America Nat'l Trust & Sav. Ass'n v. 203 North LaSalle Street P'Ship, 526 U.S. 434, 453 (1999). Indeed, Congress describes the purpose of a Chapter 11 case "unlike a liquidation case, is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors and produce a return for its stockholders." H. Re. No. 595, 95th Cong. 1st Sess. 220 (1977). See also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 527 (stating that "the policy of Chapter 11 is to permit successful rehabilitation of debtors."). "Thus, as a general rule, if continuing a particular chapter 11 case would promote the twin goals of preserving viable businesses and maximizing the creditors' return, then the case is probably not a candidate for conversion or dismissal under 1112(b)." Lawrence P. King, 7 Collier on Bankruptcy, ¶ 1112.04[4][a] (15th ed. Rev. 1996). Additionally, in using its discretion under § 1112(b) the Court should consider that bankruptcy was designed as a forum for negotiated resolutions of the debtor's affairs. Id. at [b]. Similarly, before considering dismissal under § 1112(b) a debtor should be afforded adequate time to at least propose a plan or reorganization. Id. at [c].

32. In 1988, the United States Supreme Court held that in conducting a section 362 analysis the Debtor is required to show that there is a "reasonable possibility of a successful reorganization within a reasonable time." United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd 484 U.S. 365, 376 (1988). The Court went on to hold that "bankruptcy courts demand less detailed showings during the four months in which the debtor is given the exclusive right to put together a plan" Id.

33. In the current proceeding, Movant filed the Motion less than 2 weeks after the Petition Date. The Debtor is confident that given a reasonable opportunity it will be able to confirm

the Plan and reorganize its affairs for the benefit of all of its creditors. Accordingly the Court should use its discretion in maintaining the stay, so that the vaunted goals of bankruptcy can be pursued.

### A. The Debtor's Bankruptcy Case Should not Be Dismissed

34. The Landlord's Motion to Dismiss should be denied, as there is an excellent possibility the Debtor will emerge from a chapter 11 reorganization case being able to reorganize its business.

35. The case was just filed and the Landlord is not giving the Debtor any breathing space. It is also unfair at this early stage to require the other relief in the Motion.

36. Under all of these circumstances, the Debtor should now be given the opportunity to implement a chapter 11 plan.   Thus, cause does not exist to dismiss the instant bankruptcy case.

### CONCLUSION

37. No harm will befall the Landlord if the Motion is denied or adjourned.  The Debtor submits that the denial of the Motion at this time, or in the alternative, an adjournment is appropriate.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests that the Court deny the Movant's motion to modify the automatic stay, to dismiss the case and/or to declaring the lease rejected, in its entirety and grant such other relief as the Court deems just, proper and equitable under the circumstances.

Dated: Brooklyn, New York
      January 3, 2019

                                      Respectfully submitted,

By:     */s/ Rachel Blumenfeld*
        _____
        Rachel S. Blumenfeld, Esq.
        LAW OFFICE OF RACHEL S. BLUMENFELD
        Attorneys for the Debtor
        26 Court Street, Suite 2220
        Brooklyn, NY  11242
        (718) 858-9600